**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RONNIE A. ROBINSON,

    Petitioner,

-vs-                                            Case No.  8:11-CV-913-T-30TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, an inmate in a Florida penal institution, filed, through counsel, both a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging convictions for trafficking in cocaine, driving while license suspended, cancelled or revoked, and possession of drug paraphernalia entered in 2005 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1), and a Motion for Stay and Abeyance (Dkt. 2).

UPON consideration, the Court **ORDERS** that:

1. "[A] district court should grant a stay [of a § 2254 petition] only where 'the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir.2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Petitioner has not alleged or demonstrated that he meets any of the three prongs of the *Rhines* test.  Thus, Petitioner has not met his burden to

demonstrate that holding this proceeding in abeyance is warranted. A stay would merely prolong federal habeas review to no avail, in contravention of the Antiterrorism and Effective Death Penalty Act of 1996's goal of "finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278. Accordingly, Petitioner's Motion for Stay and Abeyance (Dkt. 2) is **DENIED** without prejudice.

2. Respondent shall have **SIXTY (60) DAYS** from the date of this Order within which to respond to the Petition for Writ of Habeas Corpus (hereinafter "Petition"), and to show cause why the Petition should not be granted. The response shall respond to the allegations of the Petition. In addition, it shall state whether Petitioner has exhausted his state remedies including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also the right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-conviction proceedings. If it is denied that Petitioner has exhausted his state remedies, the response shall contain in detail an explanation of which state remedies remain available to Petitioner.

The response shall also state whether an evidentiary hearing was accorded Petitioner in a court of the state at either the pre-trial or post-conviction stage. If such an evidentiary hearing was conducted, the response shall state whether a transcript of the proceedings is presently available and, if not, whether and approximately when it may be procured; or, if the transcript is neither available nor procurable, whether a narrative summary of the evidence is available or can be procured within a reasonable time. If the transcript or narrative summary is presently available, or is procurable within the time fixed for filing the

Response, it shall be filed by Respondent with the response and the record of the pre-trial, trial, and/or post-conviction proceedings. Otherwise, the response and record shall be filed within that time and the transcript or narrative summary shall subsequently be procured by Respondent and filed.

If Petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the briefs on appeal and of the opinion of the appellate court, if any, shall also be filed by Respondent with the response. In addition, the response shall contain the citation(s) to the state court opinion(s) that is (are) reported.

Petitioner shall send to Respondent a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Respondent, any such copy shall be sent directly to counsel for Respondent, rather than to Respondent personally. Petitioner shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to Respondent or counsel for Respondent. If any pleading or other paper submitted to be filed and considered by the Court does not include a certificate of service upon Respondent or counsel for Respondent, it will be stricken from this case and disregarded by the Court. Petitioner shall advise the Court of his current mailing address at all times, especially if Petitioner is released from custody. Failure to do so may result in the dismissal of this action.

Both parties shall insure that all transcripts, briefs and other documentary exhibits accompanying any pleadings which they submit to the Court shall be individually marked

for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

If Respondent incorporates a motion to dismiss the Petition in the response, pro se Petitioner is advised out of an abundance of caution that the granting of this motion would result in the dismissal of this case.

If Respondent includes documents in support of a request to dismiss the Petition, the Court will construe the request to dismiss the Petition as a motion for summary judgment. In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

When a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, Federal Rules of Civil Procedure, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, depositions, answers to interrogatories, and answers to admissions filed along with the affidavits. In that event there

will be no evidentiary hearing and the case will be ended in this Court.

If Petitioner fails to file a response to the motion to dismiss or construed motion for summary judgment within **THIRTY (30) DAYS** after it is filed, the motion will be taken under advisement and an Order entered thereon without further notice.

3. Petitioner may have **THIRTY (30) DAYS** to file a reply to the response to the petition. *See* Rule 5(e), Rules Governing Section 2254 Cases (2011).

4. The **Clerk** of the Court is directed to send a copy of this Order, the Petition, and any memorandum and exhibits filed with the Petition, to Respondent, including the Attorney General of the State of Florida. A copy of this Order shall also be served on the Petitioner.

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
Counsel for Petitioner
Respondent
Attorney General, State of Florida

5